UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DEWAYNE GRIFFIN-LOWERY,

       Plaintiff,

v

COUNTY OF WAYNE, BENNY N.
NAPOLEON, Sheriff of Wayne County,
JERIEL D. HEARD, MATTHEW JOHN
CZARNECKI, and DOUGLAS HUGHES,
jointly and severally,

       Defendants.
-------------------------------------------------------
POSNER, POSNER AND POSNER
By: Gerald F. Posner – P 24269
Attorneys for Plaintiff
-------------------------------------------------------


## COMPLAINT AND DEMAND FOR JURY TRIAL


### JURISDICTION


NOW COMES plaintiff, by and through his attorneys, Posner, Posner and Posner, and states that this action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343 and the aforementioned statutory and constitutional provisions.

1

## VIOLATION OF CIVIL RIGHTS

NOW COMES plaintiff, by and through his attorneys, Posner, Posner and Posner, and complains against the defendants herein, jointly and severally, in an action for violation of his civil rights, and says:

1.      That the plaintiff is a citizen of the State of Michigan and is a resident of Detroit, Michigan, and of this judicial district.

2.      That the defendants are citizens of the State of Michigan and are residents of this judicial district.

3.      That at all times herein, the defendants were acting in concert and/or combination and/or conspiracy with each other and/or with other persons.

4.      That at all times herein, the defendants were acting under color of state law.

5.      That at all times herein, the defendants were acting in bad faith.

6.      That defendant County of Wayne is a governmental unit and/or entity.

7.      That the defendant, Bennie N. Napoleon, who is being sued in his official capacity, is the Sheriff of Wayne County, and the Wayne County Sheriff Department is and was under the complete control, direction and supervision of the Sheriff.

8.      That at all times relevant hereto, defendant Sheriff was the person in charge of and responsible for the operation of the Wayne County Sheriff Department, and the hiring, training, retention, and discipline of all sheriff deputies, and all jail personnel, and all policy matters relating thereto.

9.     That the defendant, Jeriel D. Heard, who is being sued in his official capacity, is, and at all times relevant hereto was, the Chief of Jails and Courts, Office of the Sheriff of Wayne County, and that the operation of the jails, including the Wayne County Jail, by the Wayne County Sheriff Department is and was under his control, direction and supervision.

10.     That at all times relevant hereto, defendant Sheriff and/or Heard was the person in charge of and responsible for the operation of the Wayne County Jail, the custody and safety of the prisoners incarcerated therein, the formulation of policy regarding the operation of the jail, the hiring, training, retention, and discipline of all jail personnel, whatever their titles and duties, and the rules, regulations, practice, custom and/or usage regarding the operation of the jail, and that said jail was under his or their complete control, direction and supervision.

11.     That at all times relevant hereto, defendant Sheriff, together with Chief Heard, was the law enforcement arm of the defendant County and the individual who made policy in police matters for the County, and specifically in matters regarding the operation of the Jail, and, both as a matter of fact and a matter of law, the relationship between the County and the Sheriff and the Sheriff's Department is so close as to make the County liable for any and all unconstitutional policy, practice, custom or usage of said Sheriff and Chief which violated the civil and constitutional rights of the plaintiff.

12.     That on or about 9-5-08 and 9-6-08, defendants MATTHEW JOHN CZARNECKI, and DOUGLAS HUGHES, each of whom is being sued in his individual capacity, were Deputy Sheriffs employed by the County of Wayne and the Wayne County Sheriff's Department.

13.     That on or about 9-5-08 and 9-6-08, plaintiff was incarcerated at the Wayne County Jail.

14.     That on or about 9-5-08, plaintiff had an argument with defendant Czarnecki, who was working at the Wayne County Jail, over the inmate recreation period, and defendant threatened the plaintiff.

15.     That after said argument, plaintiff went back to his cell in the 4th Floor N.W., which was a floor for psychiatric inmates.

16.     That this is a floor to which certain deputies are assigned who have special training to handle psychiatric inmates.

17.     That defendant Czarnecki had no such training nor was he a regularly assigned deputy to that floor.

18.     That on 9-6-08, defendant Czarnecki, assisted by other deputies, employees, and/or defendant Hughes, got himself assigned to the floor and/or was let in to the floor, and was let into the plaintiff's cell by defendant Hughes.

19.     That while plaintiff was sleeping in his cell on the top bunk, and at a time when there was no reason, legal justification or excuse for the use of excessive force upon him, defendant Czarnecki entered plaintiff's cell, pulled him down from his bunk onto the floor, and intentionally, wantonly, willfully, maliciously, oppressively and wrongfully beat, struck and assaulted the plaintiff, including repeatedly punching and kicking the plaintiff, and making statements such as "Now talk about my mother".

20.     That said officer used excessive, unreasonable, unnecessary and unconstitutional force when no such force was justified or necessary.

4

21.    Further, that defendant Hughes had both the duty and the power to prevent or aid in the prevention of the commission of said wrongful acts against the plaintiff, and prevent the violation of his civil and constitutional rights, but neglected or refused to do so.

22.    Specifically, defendant Hughes had both the duty and the power to stop the assault upon the plaintiff, but failed to do so.

23.    That a Corporal Maurice Lewis arrived at the ward and told defendant Hughes to call a code for other officers to come and help stop the fight, but defendant Hughes did not do so.

24.    That Lewis told defendant Czarnecki to stop assaulting the plaintiff, but defendant continued to strike and assault the plaintiff.

25.    That defendant Hughes did nothing to stop defendant Czarnecki from assaulting and pummeling the plaintiff, and did not intervene or call a code or take any action until the plaintiff began to successfully defend himself.

26.    That the unjustifiable and unconstitutional assault upon the plaintiff caused serious and permanent injuries to plaintiff, both physical and mental injuries, and great pain and suffering as hereinafter set forth.

27.    That plaintiff had a right to be protected from intentional, wanton, willful, malicious, sadistic, purposeful, deliberate, grossly negligent, recklessly indifferent, deliberately indifferent, and wrongful conduct by the said deputies and governmental/official capacity defendants which conduct resulted in injuries to the plaintiff and in violation of plaintiff's civil rights.

28.     Defendants had a duty toward the plaintiff under the United States Constitution and the federal civil rights laws, specifically including 42 USC § 1983, and the Fifth, Eighth and Fourteenth Amendments to the United States Constitution, to refrain from acting or failing to act so as to violate plaintiff's civil rights.

29.     Each of the defendants breached his duties to the plaintiff and violated plaintiff's civil rights by the acts and omissions and failures to act, as pled herein.

30.     That it was the policy, practice, custom and usage of official capacity defendants Sheriff, County, and Chief, to encourage violations of the civil rights of persons by conduct and inaction which was grossly negligent and/or deliberately indifferent to the civil rights of persons and to constitutional violations by their jail personnel, including deputies and other personnel, and adopting, ratifying, or implementing such policy, practice, custom and usage, which conduct and inaction included, but is not limited to:

(a)     Failure to correct unconstitutional conditions and practices.

(b)     Failure to completely and properly investigate all prior complaints of misconduct against prisoners and/or to take proper disciplinary action against deputies guilty of such misconduct.

(c)     Failure to promulgate and enforce regulations regarding the proper treatment of prisoners and for the intervention by those who witness the mistreatment of persons at the hands of other deputies and have the power to prevent same.

(d)     Failure to take proper disciplinary action against deputies and other personnel who had mistreated prisoners.

(e)     Failing to promulgate, follow, and enforce rules, regulations, practices and procedures requiring all deputies and personnel who enter a psychiatric ward to have special training to handle psychiatric inmates.

(f)     Failure to supervise and/or to take proper disciplinary action against individuals who enter a psychiatric ward without special training or who allow persons without that training into the psychiatric ward.

(g)     Inadequate, grossly inadequate, or non-existent training and supervision of jail personnel, including deputies, in the handling of and interaction with psychiatric inmates.

(h)     Allowing a pervasive and established pattern of constitutional violations to become a de facto policy by failing to take action against same or to prevent same.

(i)     Failing to give adequate and proper psychological tests to prospective deputies.

(j)     Failing to give periodic adequate and proper psychological tests to deputies in order to relieve those found to be psychologically unfit or give them adequate treatment.

(k)     Failing to adequately and properly investigate the employment history, background and fitness of persons it hired as deputies.

(l)     Failing to promulgate, follow, and enforce regulations concerning checking the employment history, background, and fitness, and psychological fitness of persons being hired as deputies.

(m)     Inadequate hiring practices of all jail personnel, as set forth above, and retaining persons even after their negative employment history, conduct, background, and/or fitness for duty was discovered and/or should have been discovered.

(n)     Failing to respond promptly, adequately, properly, fully and timely to Freedom of Information requests, as more fully set forth below, and to promulgate, follow and enforce regulations regarding this as set forth below.


31.     That it is believed that other deputies and/or other personnel were involved in the acts of allowing defendant Czarnecki access to the ward and to the plaintiff's cell, in failing to intervene to stop the beating, and in further assaults upon the plaintiff in the cell and/or in the bullpen to which he was taken after the assault by Czarnecki.

32.    That defendants Sheriff, County, and Chief conducted an investigation into the incident and assault upon the plaintiff.

33.    That in an attempt to ascertain the identities of all of the deputies and/or other persons involved so that plaintiff would be able to file a legal action against them under federal or state law, plaintiff directed multiple Freedom of Information Act requests to the above defendants to obtain all records and documents concerning the assault, including internal investigation records, which would name and identify all of the individuals involved, but that said defendants wrongfully just ignored the requests, and/or sent irrelevant matters, and when suit was threatened, defendants agreed to supply certain records, charged plaintiff hundreds of dollars, and then only supplied a portion of the records in which they redacted each and every name, thus preventing plaintiff from discovering the identities of those involved and timely bringing suit.

34.    That the above defendants fraudulently and wrongfully concealed the existence of a cause of action and the identities of the persons who were liable for the claims of plaintiff by concealing the identities of the persons involved and failing to supply investigative records when they had a duty to make such a disclosure.

35.    That the above defendants violated the plaintiff's constitutional rights and rights under 42 USC §1983 by denying plaintiff's right of effective and meaningful access to the courts in that their actions foreclosed the plaintiff from learning the identities of the proper defendants and filing suit and rendered ineffective and futile any remedy plaintiff would have had against them.

36.    That the policy, practice, custom and usage of the official capacity defendants Sheriff, County, and Chief, and their conduct and inaction, was a proximate

cause of the violation of each plaintiff's civil rights and of the injuries and damages to each plaintiff.

37.   That plaintiff had a right to be protected from the wrongful conduct by those defendants which conduct resulted in injuries and damages to the plaintiff.

38.   That plaintiff had the following rights, privileges and/or immunities, among others, guaranteed to plaintiff under the United States Constitution and laws of the United States:

(a)   the right to due process of law;

(b)   the right to be free from bodily harm and injury caused unjustifiably when in the care and custody of defendants;

(c)   the freedom from cruel and unusual punishment;

(d)   the freedom from unnecessary suffering and from the unnecessary and wanton infliction of pain;

(e)   the freedom from illegal and/or unreasonable search and seizure of his person;

(f)   the freedom from arbitrary and unreasonable interference by law enforcement officers and jail personnel;

(g)   the freedom from unnecessary force;

(h)   the freedom to be secure in one's person;

(i)   the right to equal protection of the laws;  and

(j)   the right to liberty; and

(k)   the right to meaningful and effective access to the courts.

40.   That the policy, practice, custom and usage of defendants Sheriff, County, Chief, and other official capacity defendants and their conduct and inaction,

was a proximate cause of the violation of plaintiff's civil rights and of the injuries and damages to the plaintiff.

39.    That the plaintiff had a right to be protected from the wrongful conduct by official capacity defendants Sheriff, County, Chief, and by the other defendants, which conduct resulted in injuries and damages to the plaintiff.

40.    That by reason of the wrongful conduct by all defendants, plaintiff was deprived of the rights, privileges and/or immunities guaranteed plaintiff by the United States Constitution and laws as set forth above.

41.    That the wrongful conduct by defendants constituted a violation of the civil rights of plaintiff and a violation of 42 USC §1983.

42.    That the defendants, acting under color of law and right, by said wrongful conduct, deprived plaintiff of the civil rights guaranteed plaintiff by 42 USC §1983 of the laws of the United States in effect at the time of the injuries inflicted upon the plaintiff by said defendants, said statute reading as follows:

> "Every person who, under color of any statute, ordinance, regulation, custom or usage, or any State or Territory, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

43.    That as a direct and proximate result of said wrongful conduct by said defendants as pled herein, plaintiff sustained serious and permanent injuries to his body and person, including but not limited to injuries to his head, face, eyes, back, neck, shoulders, ribs, arms, and legs, mental and psychological injuries, and aggravation of any and all pre-existing conditions of same.

44.    That plaintiff's injuries are continuing and are permanent in nature.

45.    That as a direct and proximate result of said wrongful conduct, plaintiff has suffered, and will in the future continue to suffer, great pain and suffering, mental anguish, fright and shock, disability, embarrassment, humiliation, and denial of social pleasures and enjoyments.

46.    That as a direct and proximate result of the intentional, wanton, willful, malicious, and oppressive manner in which said wrongful conduct was committed, plaintiff suffered, and will in the future continue to suffer, additional great mental anguish, embarrassment, outrage, fright and shock, mortification, indignity and humiliation.

47.    That as a direct and proximate result of said wrongful conduct, plaintiff was forced to undergo, and will in the future continue to undergo medical treatment and care, was forced, and in the future will continue to be forced, to expend large sums of money and incur bills for hospital and medical treatment, and for medicines, x-rays, testing and drugs.

48.    That as a direct and proximate result of said wrongful conduct, plaintiff has suffered, and will in the future continue to suffer, great loss of earnings and/or earning capacity.

49.    Furthermore, plaintiff sustained damages consisting of the loss of the value of any cause of action lost as a result of the wrongful conduct of defendants, including the violations of civil rights, as alleged herein.

50.    That as a direct and proximate result of said wrongful conduct, plaintiff incurred substantial liabilities for attorney fees.

WHEREFORE, plaintiff asks judgment for compensatory damages as well as exemplary damages in the amount of Two Million ($2,000,000.00) Dollars against all of the defendants, jointly and severally, plus punitive damages against the individual defendants in the amount of Two Million ($2,000,000.00) Dollars, plus actual reasonable attorney fees pursuant to 42 USC § 1988, plus statutory interest, court costs and attorney fees.

**DEMAND IS HEREBY MADE FOR TRIAL BY JURY**

POSNER, POSNER AND POSNER

 /s/Gerald F. Posner_____
By: Gerald F. Posner – P 24269
Attorneys for Plaintiff
1400 Penobscot Building
Detroit, MI 48226
(313) 965-7784
Primary email address for Federal ECF only:
 posnerfed@comcast.net